# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1169V
Filed: January 19, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| SHARENA WEBB, on Behalf of, D.W., Jr., a Minor Child, | * * * |
| Petitioner, | * |
| | * Joint Stipulation on Damages; |
| | * diphtheria-Tetanus-Acellular Pertussis |
| | * ("DTaP"); Hemophilus influnezae type b |
| SECRETARY OF HEALTH | * ("Hib"); Guillain-Barre Syndrome |
| AND HUMAN SERVICES, | * ("GBS"); Special Processing Unit |
| | * ("SPU") |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Anne Carrion Toale*, Maglio Christopher and Toale, Sarasota, FL, for petitioner.
*Justine Walters*, U.S. Department of Justice, Washington, DC, for respondent.

## **DECISION ON JOINT STIPULATION**[1]

**Dorsey**, Chief Special Master:

On December 4, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleges that her minor child, D.W., suffered Guillain-Barre Syndrome ("GBS") as a result of receiving Diphthereia-Tetanus-Acellular Pertussis ("DTaP") and Hemophilus influenza type b ("Hib") vaccinations on October 16, 2013. Petition at 1-2; Stipulation, filed 1/19/2016, ¶¶ 1-2. Petitioner further alleges that D.W.'s DTaP and Hib vaccines were administered within the United States, that his injury lasted for more than six months, and that there has been no prior award or settlement of a civil action for damages on behalf of D.W. as a result of his condition. Petition at 2; Stipulation¶¶ 1-5. "Respondent denies that the DTaP or Hib vaccines caused D.W.'s GBS or any other injury or his current condition. " Stipulation, ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on January 19, 2016, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

- **A lump sum of $3,098.64, which amount represents reimbursement of a Medicaid lien for services rendered on behalf of D.W.**, in the form of a check payable jointly to petitioner and

    First Recovery Group LLC
    26899 Northwestern Highway
    Suite 250
    Southfield, MI 48033
    FRG File No: 557128-116715
    Attn: Stephen Snabb

    Petitioner agrees to endorse this check to First Recovery Group LLC. Stipulation, ¶ 8.

- **An amount sufficient to purchase the annuity contract described in paragraph 10 of the joint stipulation**. Stipulation, ¶ 8.

This represents compensation for all damages that would be available under § 300aa-15(a).

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

SHARENA WEBB, on Behalf of )
D.W., Jr., a Minor Child, )
 )
      Petitioner, )  No. 14-1169V
v. )  Chief Special Master Dorsey
 )  ECF
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
 )
      Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation on behalf of her son, D.W., Jr. ("D.W."), under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Program"). The petition seeks compensation for injuries allegedly related to D.W.'s receipt of the Diphtheria-Tetanus-Acellular Pertussis ("DTaP") and *Hemophilus influenzae* type b ("Hib"), vaccines, which vaccines are contained in the Vaccine Injury Table ("Table"), 42 C.F.R. § 100.3 (a).

2. D.W. received his DTaP and Hib immunizations on October 16, 2013.

3. The vaccines were administered within the United States.

4. Petitioner alleges that D.W. suffered Guillain-Barré Syndrome ("GBS") as the result of receiving the DTaP and/or Hib vaccines.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of D.W. as a result of his condition.

6. Respondent denies that the DTaP or Hib vaccines caused D.W.'s GBS or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $3,098.64, which amount represents reimbursement of a Medicaid lien for services rendered on behalf of D.W., in the form of a check payable jointly to petitioner and

> First Recovery Group LLC
> 26899 Northwestern Highway
> Suite 250
> Southfield, MI 48033
> FRG File No: 557128-116715
> Attn: Stephen Snabb

Petitioner agrees to endorse this check to First Recovery Group LLC.

    b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

Payments made pursuant to paragraphs 8(a) and 8(b) represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of D.W., pursuant to which the Life Insurance Company will agree to make payments periodically to D.W. for all remaining damages available under 42 U.S.C. § 300aa-15(a), as follows:

> Beginning April 9, 2030, $16,428.18 payable annually for a period of four (4) years certain only.

The payments provided for in this paragraph 10 shall be made as set forth above. Should D.W. predecease the exhaustion of any certain payments set forth above, any remaining certain payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of D.W.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and

Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of D.W. as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of D.W., on behalf of herself, D.W., and D.W.'s

- 4 -

heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of D.W. resulting from, or alleged to have resulted from, the DTaP or Hib vaccinations administered on October 16, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about December 4, 2014, in the United States Court of Federal Claims as petition No. 14-1169V.

17. If D.W. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP or Hib immunizations caused D.W. to suffer GBS or any other injury or condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of D.W.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*Sharena Webb*
SHARENA WEBB

ATTORNEY OF RECORD FOR PETITIONER:

*Anne Toale*
ANNE C. TOALE, ESQ.
Maglio, Christopher & Toale, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(941) 952-5242

AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:

*Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*A. Melissa Houston*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*Justine Walters*
JUSTINE WALTERS
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-6393

Dated: January 19, 2016